**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HARVEY E. LARSON, <br><br> Plaintiff, <br><br> vs. <br><br> DOUG MOORE, et al., <br><br> Defendants. | Case No.: 17-cv-01635-BAS-JMA <br><br> **ORDER:** <br><br> **1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 2)** <br><br> **AND** <br><br> **(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE** |

    Plaintiff Harvey E. Larson, a prisoner incarcerated at California Correctional Institution ("CCI") in Tehachapi, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1).

    Plaintiff's Complaint alleges that the City of El Cajon, its "parole office," and several of its parole officers violated his Eighth and Fourteenth Amendment rights by extending or revoking his parole and falsely imprisoning him on several occasions beginning in or

around 1992. (*See* ECF No. 1 at 1-7.) Plaintiff seeks an injunction preventing the "use of convictions for case numbers ECR1658 and ECR1972 in any document, NCIC Record, or court proceeding" and a total of $30 million in damages ($10 million for each compensatory, punitive, and nominal damages). (*Id.* at 9.)

Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

I.   **Motion to Proceed IFP**

   A.   **Standard of Review**

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face . . . additional hurdle[s]." *Id.*

Specifically, in addition to requiring prisoners to "pay the full amount of a filing fee" in monthly installments or increments, 28 U.S.C. § 1915(a)(3)(b), Section 1915 of the Prison Litigation Reform Act ("PLRA") precludes the privilege to proceed IFP:

> if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*King*").

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (finding that, under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner

litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or fail[ed] to state a claim," *King*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee," *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (noting that, when a court "review[s] a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim'") (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, he is simply prohibited by Section 1915(g) from pursuing any other IFP civil action or appeal in federal court unless he alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints that "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

B. **Application to Plaintiff**

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and has ascertained that it does not contain any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *See Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, as noted above, Plaintiff's Complaint seeks injunctive relief and money damages against the Defendants for allegedly having violated his constitutional rights with respect to the revocation and extension of his parole on several occasions over a period of six years—almost twenty years ago. *See* ECF No. 1 at 1, 3-4, 7.

These claims are not only insufficient to plausibly show ongoing or imminent danger of any serious physical injury under § 1915(g), but they are also time-barred. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) ("A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations . . . when 'the running of the statute is apparent on the face of the complaint.'") (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (noting that federal courts apply the forum state's statute of limitations for personal injury actions, and that before 2003, California's statute of limitations was one year).

While defendants typically carry the burden to show that a prisoner is not entitled to proceed IFP, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *King*, 398 F.3d at 1119-20. That is the case here.

A court may take judicial notice of its own records. *See Molus v. Swan*, No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, at *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Servs.*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015). It may also "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Plaintiff alleges that he has been labeled erroneously as a "vexatious litigant" (ECF No. 1 at 8), but court records confirm that he has had at least seven prior prisoner civil actions dismissed on the grounds that they were frivolous or malicious or failed to state a claim upon which relief may be granted. This amounts to seven strikes. These actions are:

1. *Larson v. Schwarzenegger, et al.*, No. 2:06-cv-0940-GEB-GGH (E.D. Cal. 2006)
    i. October 31, 2006 Findings and Recommendations ("F&Rs") (ECF No. 7) (dismissing civil action with prejudice as duplicative pursuant to 28 U.S.C. § 1915A(b)(1), (2))[1];
    ii. January 9, 2007 Order (ECF No. 8) (adopting F&R in full and dismissing action with prejudice);
2. *Larson v. Patton, et al.*, No. 2:07-cv-1043-FCD-JFM (E.D. Cal. 2007)
    i. September 5, 2007 Order and F&Rs (ECF No. 12) (dismissing action for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), (2));
    ii. October 15, 2007 Order (ECF No. 14) (adopting F&Rs "in full" and dismissing action for "failure to state a claim");
3. *Larson v. Runnels, et al.,* No. 2:07-cv-0806-FCD-DAD (E.D. Cal. 2007)
    i. December 21, 2007 Order and F&Rs (ECF No. 5) (dismissing action for failure to state a cognizable claim pursuant to 28 U.S.C. § 1915A(b)(1));
    ii. February 4, 2008 Order (ECF No. 8) (adopting F&Rs "in full" and dismissing action for "failure to state a cognizable claim" pursuant to 28 U.S.C. § 1915A(b)(1));
4. *Larson v. Runnels, et al*., No. 2:08-cv-00348-MCE-KJM (E.D. Cal. 2008)
    i. February 22, 2008 F&Rs (ECF No. 5) (dismissing complaint sua sponte "as frivolous");
    ii. March 20, 2008 Order (ECF No. 7) (adopting F&Rs "in full" and dismissing action);

---

[1] A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted).

5. *Larson v. McDonald*, No. 2:07-cv-00512-FCD-GGH (E.D. Cal. 2008)

   i. April 2, 2008 Order and F&Rs (ECF No. 17) (dismissing action "with prejudice as both duplicative and frivolous" pursuant to 28 U.S.C. § 1915A(b)(1));

   ii. June 25, 2008 Order (ECF No. 25) (adopting F&Rs "in full" and dismissing action for "with prejudice as both duplicative and frivolous");

6. *Larson v. McDonald, et al.*, No. 2:07-cv-01955-HDM-RAM (E.D. Cal. 2008)

   i. July 22, 2008 F&Rs (ECF No. 25) (dismissing action sua sponte for failure "to state a colorable claim for relief");

   ii. Jan. 8, 2009 Order (ECF No. 29) (adopting F&Rs and "dismissing this action with prejudice"); and

7. *Larson v. Williams, et al.*, No. 2:07-cv-00631-RLH-VPC (E.D. Cal. 2009)

   i. February 27, 2009 Report and Recommendation ["R&R"] of U.S. Magistrate Judge (ECF No. 22) (dismissing amended complaint sua sponte for "fail[ure] to state a claim upon which relief can be granted");

   ii. March 13, 2009 Order (ECF No. 23) (affirming, accepting, and adopting R&R and dismissing amended complaint).[2]

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three strikes pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055;

---

[2] In fact, Plaintiff has previously been denied leave to proceed IFP pursuant to 28 U.S.C. § 1915(g) in the Southern District of California, as well as the Eastern District of California, where he originally "struck out." *See, e.g.*, Sept. 14, 2009 Order, *Larson v. Rhodes*, No. 1:09-cv-00342-OWW-YNP SMS (E.D. Cal. 2009), ECF No. 7 (denying application to proceed IFP pursuant to 28 U.S.C. § 1915(g)); Oct. 7, 2013 Order, *Larson v. Hanoian, et al.*, No. 3:13-cv-01654-GPC-NLS (S.D. Cal. 2013), ECF No. 8 (denying Motion to Proceed IFP as barred by 28 U.S.C. § 1915(g)); May 20, 2016 Order, *Larson v. Brown, et al.*, No. 3:16-cv-01188-AJB-RBB (S.D. Cal. 2016), ECF No. 4 (denying Motion to Proceed IFP as barred by 28 U.S.C. § 1915(g)).

*Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## II. Conclusion and Order

For the reasons discussed, the Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g);

2) **DISMISSES** this civil action without prejudice for failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a);

3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

4) **DIRECTS** the Clerk of Court to enter judgment and close the file.

**IT IS SO ORDERED**.

**DATED: August 25, 2017**

Hon. Cynthia Bashant
United States District Judge